UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-81549-BER

MARK F. WOODARD, *et al.*,

Plaintiffs,

v.

C2 WELDING, INC.,

Defendant.

_____________________________________________/

**REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT [ECF No. 25]**

Plaintiffs Mark F. Woodard, Susan Stokes, George Steve Stripling, Dustin K. Hall, Larry R. Wrye, Erica Barnes, Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Trust Fund, and Plumbers & Pipefitters Local Union No. 630 Welfare Fund (together, "Plaintiffs") move for a default judgment ("Motion") against Defendant C2 Welding, Inc. ("C2"). ECF No. 25. The Motion is ripe for decision. For the following reasons, I **RECOMMEND** the Motion be **GRANTED.**

I. PROCEDURAL POSTURE

Last year, Plaintiffs filed their Complaint against C2 for a "delinquent contributions collection action" under the Employee Retirement Income Security Act of 1974 ("ERISA"). ECF No. 1 at 1. The case was assigned to United States District Judge Ed Artau, and a summons was issued. ECF Nos. 2, 3. A signed Consent to

Magistrate Judge jurisdiction was filed, and C2 was served. ECF Nos. 4, 5.

Subsequently, Plaintiffs moved for Clerk's Entry of Default, which was entered. ECF Nos. 6, 7. Plaintiffs moved for default judgment, and I set a hearing at their request. ECF Nos. 13, 14. Before the hearing, the parties filed a Notice of Settlement, and the hearing was cancelled. ECF Nos. 15, 16. Shortly thereafter, the parties filed a Motion for Judgment by Stipulation. ECF No. 17. I set a status conference, Plaintiffs filed a Notice of Filing Payroll Audit, and I held the status conference. ECF Nos. 18, 19, 20.

Days later, I set another status conference with the parties where Plaintiffs moved to withdraw ("*ore tenus* motion") their prior Motion for Default Judgment (ECF No. 13) and Motion for Judgment by Stipulation (ECF No. 17). ECF No. 22. I granted the *ore tenus* motion, and allowed Plaintiffs to file an amended motion for default judgment. ECF Nos. 23, 24. Plaintiffs timely refiled that motion. ECF No. 25.

## II. LEGAL STANDARD

"Entry of judgment by default is a drastic remedy which should be used only in extreme situations." *Fortson v. Best Rate Funding, Corp.*, 602 F. App'x 479, 481 (11th Cir. 2015) (per curiam) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). Under Federal Rule of Civil Procedure 55(b), a court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. Fed. R. Civ. P. 55(b). "Before judgment may be entered against a defendant, the defendant must have been served properly or have waived service of process." *Fortson*, 602 F. App'x at 481.

> A defendant may waive service of process by returning to the plaintiff a signed waiver of service form. Fed. R. Civ. P. 4(d). Otherwise, a plaintiff must properly serve the defendant, which he can do by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

*Golson v. Pineda*, 693 F. App'x 850, 850-51 (11th Cir. 2017) (per curiam).

After entry of default, the court may enter default judgment against a defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). When default judgment is entered, "the defendant '. . . admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." *S.E.C. v. Wright,* 261 F. App'x 259, 261 (11th Cir. 2008) (internal quotation marks omitted) (citing *Cotton v. Mass. Mut. Life Ins. Co.,* 402 F.3d 1267, 1278 (11th Cir. 2005)).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu*, 515 F.2d at 1206). The Eleventh Circuit has explained that this standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam); *see also*

*United States v. Genesis II Church of Health and Healing*, 476 F. Supp. 3d 1283, 1289 (S.D. Fla. 2020) (same). "'While a complaint . . . does not need detailed factual allegations,' a plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusion, and formulaic recitation of the elements of the cause of action will not do.'" *Fernandez de Cordoba v. Flores*, No. 17-cv-20122, 2018 WL 1830805, at *2 (S.D. Fla. Jan. 10, 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), *report and recommendation adopted*, 2018 WL 1811945 (S.D. Fla. Feb. 9, 2018). "[E]ven after default, . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action." *Tabuteau v. HSBC USA, Nat'l Ass'n,* No. 14–CV–21513, 2014 WL 4219588, at *1 (S.D. Fla. Aug. 25, 2014) (citing *Nishimatsu,* 515 F.2d at 1206).

If the admitted facts are not sufficient to show liability, the Court can allow the movant to supplement the evidentiary record. Fed. R. Civ. P. 55(b)(2)(C), (D). If liability exists, the Court must then turn to the question of relief. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 n.27 (11th Cir. 1997). "After ascertaining the appropriate amount of damages, the Court must enter final judgment in that amount." *Cin. Ins. Co. v. GC Works*, No. 21-cv-21159, 2022 WL 787952, at *4 (S.D. Fla. Feb. 25, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 783285 (S.D. Fla. Mar. 15, 2022); *Nishimatsu*, 515 F.2d at 1206.

## III. LEGAL BACKGROUND

### A. *Magistrate Judge Jurisdiction*

A magistrate judge may exercise jurisdiction over a case upon consent of the

parties. 28 U.S.C. § 636(c)(1). For there to be consent, a party must "clearly and unambiguously consent to [be] before a magistrate judge." *Barnett v. GE Cap. Corp.*, 147 F.3d 1321, 1322 (11th Cir. 1998); *Jean-Baptiste v. U.S. Dep't of Just.*, No. 2-12805, 2026 WL 194926, at *1 (11th Cir. Jan. 26, 2026) (per curiam). A clear and unambiguous consent can be "'inferred from a party's conduct during litigation,'" but a party must be "afforded the requisite opportunity to file such a motion or otherwise object to" magistrate judge jurisdiction. *Jean-Baptiste*, 2026 WL 194926, at *1 (quoting *see Roell v. Withrow*, 538 U.S. 580, 582 (2003)).

B. *ERISA*

In relevant part, ERISA provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. To plead a violation of 29 U.S.C. § 1145 for delinquent contributions, the plaintiff must show:

> (1) that the defendant is an employer, (2) "who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement," and (3) that the defendant failed to make the required contributions.

*Pennington v. Bonnie's Plumbing, LLC*, No. 25-CV-23966, 2026 U.S. Dist. LEXIS 198912, at *5 (S.D. Fla. Sep. 1, 2026) (quoting 29 U.S.C. § 1145).

"The term 'employer' means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and

includes a group or association of employers acting for an employer in such capacity." *MCASF Loc. 725 Serv. Corp., v. Optimal Air, LLC*, No. 25-CV-20356, 2026 WL 778232, at *5 (S.D. Fla. Jan. 27, 2026) (quoting 29 U.S.C. § 1002(5)), *report and recommendation adopted*, 2026 WL 778244 (S.D. Fla. Feb. 23, 2026). "That requirement is satisfied when a company is a party to the collective bargaining agreement with the relevant union and acted directly as an employer in relation to the relevant benefit funds." *Pennington,* 2026 U.S. Dist. LEXIS 198912, at *5 (citing see *Laborers Loc. 938 Joint Health & Welfare Tr. Fund v. B.R. Starnes Co. of Fla.*, 658 F. Supp. 305, 307 (S.D. Fla. 1986), *aff'd*, 827 F.2d 1454 (11th Cir. 1987)); *Optimal Air, Inc.*, 2026 WL 778232, at *5.

"The 'enforcement mechanism for' § 1145 is found in § 1132, which 'empowers a participant, beneficiary, or fiduciary to bring civil actions to redress violations or enforce any provisions of' ERISA 'or the terms of the plan.'" *Optimal Air, Inc.*, 2026 WL 778232, at *4 (quoting *Fontainebleau Fla. Hotel, LLC v. S. Fla. Hotel & Culinary Emps. Welfare Fund*, 508 F. Supp. 3d 1239, 1246 (S.D. Fla. 2020) (citation modified); 29 U.S.C. § 1132(a)(3)). So, when

> a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan five things: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of either interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount of unpaid contributions; (4) reasonable attorney's fees and costs of the action, to be paid by the defendant; and (5) such other legal or equitable relief as the court deems appropriate. *See* 29 U.S.C. §

> 1132(g)(2). [I]nterest on unpaid contributions shall be determined by using the rate provided under the plan.

*Id.* (citations and internal quotation marks omitted).

## IV. ANALYSIS

### A. *Magistrate Judge Jurisdiction*

A consent to Magistrate Judge jurisdiction ("Consent") was filed by "the parties to the above-captioned civil matter." ECF No. 4. However, the Consent was filed before C2 was served, and signed only by Madison Levine and Howard Susskind, counsel for Plaintiffs. ECF Nos. 4, 5. Nothing further was filed about consenting to Magistrate Judge jurisdiction.

C2 is a corporate Defendant that has been served, but has not appeared. ECF Nos. 5, 7. "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). As a result, C2 has not given consent to Magistrate Judge jurisdiction. Accordingly, the Clerk of the Court is **ORDERED** to transfer the case to Judge Artau for all further proceedings. For clarity, this filing is a Report and Recommendation to Judge Artau for final disposition.

### B. *Default Motion*

Plaintiffs say default judgment should be entered against C2 for $31,251.52 because it has failed to pay the required contributions. ECF No. 25.

First, I find there is proper service. A summons was issued for C2 on December

11, 2025. ECF No. 3. Service was effected on December 23, 2025, and filed with the Court on December 30, 2025. ECF No. 5.

Second, the cause of action has been sufficiently pled. Initially, the Complaint pleads that C2 is an employer under the statute and explains that "Defendant employed persons . . . and thus, became obligated to pay all fringe benefit contributions and other payments." ECF No. 1 ¶¶5, 8. As well, the Complaint provides a copy of the Residential and Commercial Agreement (the "Agreement") that "establish[es] the wages, fringe benefits, hours, and other terms and conditions of employment." ECF No. 1-1 at 3.

Next, the Complaint says that "Defendant agreed to be bound and remains bound to a collective bargaining agreement as it relate[s] to wage rates and contribution obligations to the Funds," which remains in effect today. ECF No. 1 ¶¶6, 7. This statement is confirmed by the Agreement's signature page. ECF No. 1-1 at 31.

As well, the Complaint pleads that C2 "fail[ed] to make full and complete payment of the fringe benefit contributions, late fees, liquidated damages and other payments that were due to the Funds for payroll periods after July 2025." ECF No. 1 ¶9. The Agreement values the fringe benefits, which include wage, health, welfare, pension, and industry fund benefits. ECF No. 1-1 at 17. Accordingly, Plaintiffs seek "liquidated damages, late fees, other payments, and unpaid fringe benefit contributions for payroll periods after July 2025; plus interest and all reasonable attorneys' fees and costs." ECF No. 1 ¶11.

Third, I find that Plaintiffs are entitled to $31,25.52 in unpaid contributions.

ECF No. 25 at 1. The unpaid contributions are supported by a payroll audit between June 30, 2025, and November 28, 2025, which provide a schedule of underpayment showing $28,503.23 for the fringe benefit trust fund and $2,748.29 for the Plumbers and Pipefitters Local Union No. 630. ECF No. 25-2. Plaintiffs also request, "In the event of default by Defendant on the installment payments, the Trustees reserve the right to move for reasonable attorneys' fees . . .; and to reopen the case."[1] ECF No. 25 at 5-6. I liberally construe this as a statement as a request for the Court to retain jurisdiction, which should be **DENIED**. Plaintiffs do not explain the installment agreement between the parties, and the Court should not retain jurisdiction indefinitely.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court **GRANT** the Motion.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Ed Artau, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall

[1] Similarly, Plaintiffs say they "expressly reserve the right to reopen this matter if, after entry of [default judgment], they discover that Defendant owes additional delinquent contributions" during the applicable payroll period, and cite Federal Rule of Civil Procedure 60. ECF No. 25 at 3. This is not a right that Plaintiffs may reserve. *See* Fed. R. Civ. P. 60(b).

constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 13th day of November 2026.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE